1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      LEO OLGUIN,                                     No.  2:24-cv-1897 CSK P

12                    Plaintiff,

13              v.                                      ORDER

14      MCCOLLOUGH, et al.,

15                    Defendants.

16

17      I.      INTRODUCTION

18          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

19      § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

20      proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

21          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

22      Accordingly, the request to proceed in forma pauperis is granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24      §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

25      accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the Court will

26      direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

27      and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly

28      payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

                                                        1

1   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3   § 1915(b)(2).

4          For the reasons discussed below, plaintiff is granted an opportunity to proceed on his

5   complaint as to his Eighth Amendment claims against defendants McCullough, Anzar and

6   Saradeth, or plaintiff may elect to file an amended complaint to attempt to rectify the deficiencies

7   in his complaint as to defendant Jones.

8          II.      SCREENING STANDARDS

9          The court is required to screen complaints brought by prisoners seeking relief against a

10  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

11  court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

12  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

13  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

14         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

15  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

16  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

17  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

18  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

19  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

20  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

21  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

22  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

23  1227.

24         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

25  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

26  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

27  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

28  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

1    formulaic recitation of the elements of a cause of action;" it must contain factual allegations

2    sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.

3    However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

4    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

5    Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

6    quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

7    true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

8    pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

9    (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

10         Further, to state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a

11   federal constitutional or statutory right; and (2) that the violation was committed by a person

12   acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v.

13   Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil

14   rights claim unless the facts establish the defendant's personal involvement in the constitutional

15   deprivation or a causal connection between the defendant's wrongful conduct and the alleged

16   constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v.

17   Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the

18   theory that the official is liable for the unconstitutional conduct of his or her subordinates.

19   Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a

20   supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be

21   established in a number of ways, including by demonstrating that a supervisor's own culpable

22   action or inaction in the training, supervision, or control of his subordinates was a cause of

23   plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

24       III.    DISCUSSION

25           A.  Defendants McCullough, Anzar and Saradeth

26       The Court reviewed plaintiff's complaint and, for the limited purposes of § 1915A

27   screening, finds that it states potentially cognizable claims against defendants McCollough and

28   Anzar based on plaintiff's claims that they used excessive force on June 4, 2023, and plaintiff's

1    claim that defendant Saradeth failed to protect plaintiff from the use of excessive force, all in

2    violation of the Eighth Amendment.  See 28 U.S.C. § 1915A.

3              B.    Defendant Warden Jones

4         As discussed below, the Court finds that the complaint does not state a cognizable claim

5    against defendant Warden Gena Jones.  The claims against defendant Warden Jones are dismissed

6    with leave to amend.

7                   1.   Alleged Failure to Train

8         First, plaintiff alleges that defendant Warden Jones failed to properly train defendants

9    McCollough, Anzar, and Saradeth on "how to properly treat & handle inmates in their dealings."

10   (ECF No. 1 at 4.)  Plaintiff included no other facts to support this claim.

11        Under 28 U.S.C. § 1983, supervisors cannot be held liable for the acts of their

12   subordinates under a respondeat superior theory.  Iqbal, 556 U.S. at 679.  The Supreme Court has

13   limited failure to train causes of action to those circumstances "where the failure to train amounts

14   to deliberate indifference to the rights of persons with whom the [government officers] come into

15   contact."  City of Canton v. Harris, 489 U.S. 378, 388 (1989).  In order to state a cognizable claim

16   based on a supervisor's alleged failure to train, the plaintiff must show the defendant "was

17   deliberately indifferent to the need to train subordinates, and the lack of training actually caused

18   the constitutional harm or deprivation of rights."  Flores v. County of Los Angeles, 758 F.3d

19   1154, 1159 (9th Cir. 2014).  In addition, vague and conclusory allegations concerning the

20   involvement of supervisory personnel in civil rights violations or the failure to train or supervise

21   are not sufficient to state a claim.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

22        Here, plaintiff's single allegation as to defendant Warden Jones' alleged failure to train

23   the other defendants is conclusory and provides no facts in support.  Therefore, plaintiff fails to

24   state a cognizable failure to train claim as to Warden Jones, and the claim is dismissed.

25                   2.   Alleged Due Process Violations

26        Second, plaintiff alleges that defendant Warden Jones failed to provide plaintiff "adequate

27   due process" and "failed to conduct a proper investigation" ostensibly in connection with the

28

4

1 │ rules violation report ("RVR") issued to plaintiff after the June 4, 2023 incident.[1]  (ECF No. 1 at

2 │ 4.)  Plaintiff also alleges that defendant Warden Jones "failed to review all relevant

3 │ documentation" and failed to view "video footage from 6-4-23 in the unit and above plaintiff's

4 │ cell #111."  (Id.)

5 │      "Prison disciplinary proceedings are not part of a criminal prosecution, and the full

6 │ panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418

7 │ U.S. 539, 556 (1974) (citation omitted).  Rather, with respect to prison disciplinary proceedings

8 │ that include the loss of good-time credits, an inmate must receive (1) twenty-four-hour advanced

9 │ written notice of the charges against him, id. at 563-64; (2) "a written statement by the factfinders

10 │ as to the evidence relied on and reasons for the disciplinary action," id. at 564 (citation and

11 │ internal quotation marks omitted); (3) an opportunity to call witnesses and present documentary

12 │ evidence where doing so "will not be unduly hazardous to institutional safety or correctional

13 │ goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at

14 │ 570; and (5) a sufficiently impartial fact finder, id. at 570-71.  In addition, due process requires

15 │ that the disciplinary decision be supported by "some evidence."  Superintendent v. Hill, 472 U.S.

16 │ 445, 455 (1985).

17 │      Plaintiff provided no facts showing that he was denied any of the minimum protections

18 │ guaranteed by Wolff.  Accordingly, plaintiff fails to state a cognizable due process claim in

19 │ connection with his disciplinary proceedings, and the claim is dismissed.

20 │     IV.    PLAINTIFF'S OPTIONS

21 │      Plaintiff may proceed forthwith to serve defendants McCullough, Anzar and Saradeth and

22 │ pursue his potentially cognizable Eighth Amendment claims against only those defendants, or he

23 │ may delay serving any defendant and attempt to state a cognizable claim against defendant Jones.

24 │ If plaintiff elects to proceed forthwith against defendants McCullough, Anzar and Saradeth,

25 │ against whom he stated potentially cognizable Eighth Amendment claims for relief, then within

26 │ thirty days plaintiff must so elect on the attached form.  In this event, the Court will construe

27 │

28 │ [1]  Plaintiff provided only pages 1, 3 & 5 from the RVR.  (ECF No. 1 at 14-16.)

1   plaintiff's election as consent to dismissal of the Eighth and Fourteenth Amendment claims

2   against defendant Jones without prejudice.  Under this option, plaintiff does not need to file an

3   amended complaint.

4        Or, plaintiff may delay serving any defendant and attempt again to state a cognizable

5   claim against defendant Jones.  If plaintiff elects to attempt to amend his complaint to state a

6   cognizable claim against defendant Jones, plaintiff has thirty days to amend.  Plaintiff is not

7   granted leave to add new claims or new defendants.

8        Any amended complaint must show the federal court has jurisdiction, the action is brought

9   in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

10  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

11  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

12  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

13  of a constitutional right if he does an act, participates in another's act, or omits to perform an act

14  he is legally required to do that causes the alleged deprivation).

15       A district court must construe a pro se pleading "liberally" to determine if it states a claim

16  and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

17  opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

18  detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

19  action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S.

20  662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff

21  must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

22  plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

23
24
25
26
27
> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

28  Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions

6

1  can provide the framework of a complaint, they must be supported by factual allegations, and are

2  not entitled to the assumption of truth.  Id.

3          An amended complaint must be complete in itself without reference to any prior pleading.

4  Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015)

5  ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

6  existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original

7  pleading is superseded.  Plaintiff is not granted leave to add new claims or new defendants.

8          Accordingly, IT IS HEREBY ORDERED that:

9          1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

10         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

11  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

12  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

13  Director of the California Department of Corrections and Rehabilitation filed concurrently

14  herewith.

15         3.  Claims against defendant Warden Jones are dismissed with leave to amend.  Within

16  thirty days of service of this order, plaintiff may amend his complaint to attempt to state

17  cognizable claims against defendant Jones.  Plaintiff is not obligated to amend his complaint.

18         4.  The allegations in the complaint are sufficient to state potentially cognizable Eighth

19  Amendment excessive force claims against defendants McCullough and Anzar, and a potentially

20  cognizable Eighth Amendment failure to protect claim against defendant Saradeth.  See 28 U.S.C.

21  § 1915A.  If plaintiff chooses to proceed solely as to such claims, plaintiff shall so indicate on the

22  attached form and return it to the Court within thirty days from the date of this order.  In this

23  event, the Court will construe plaintiff's election to proceed forthwith as consent to an order

24  dismissing the defective claims without prejudice.

25  / / /

26  / / /

27  / / /

28  / / /

5.  Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  August 27, 2024

_____

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

//1/olgu1897.14o

8

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LEO OLGUIN,                                No.  2:24-cv-1897 CSK P

12                     Plaintiff,

13           v.                                   NOTICE OF ELECTION

14    MCCOLLOUGH, et al.,

15                     Defendants.

16

17

18           Plaintiff elects to proceed as follows:

19    _____        Plaintiff opts to proceed with the potentially cognizable Eighth
20                  Amendment claims against defendants McCullough, Anzar and Saradeth.
                    Under this option, plaintiff consents to dismissal of the Eighth and
21                  Fourteenth Amendment claims against defendant Jones without prejudice.

22    **OR**

23    _____         Plaintiff opts to file an amended complaint and delay service of process.

24    DATED:

25

26    _____
                                    Plaintiff

27

28
                                        1